257 So.2d 448 (1972)
R & W BOAT RENTALS, INC.
v.
The PENNSYLVANIA INSURANCE CO. et al.
No. 8692.
Court of Appeal of Louisiana, First Circuit.
January 31, 1972.
Wilson C. Krebs, Patterson, for appellant.
Cornelius G. Van Dalen and Christopher Tompkins, of Deutsch, Kerrigan & Stiles, New Orleans, for Penn. Ins. Co., and Gulf Coast Marine, Inc.
Wollen J. Falgout, Thibodaux, for R. & W. Boat Rentals, Inc.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
LOTTINGER, Judge.
This is an appeal from the granting of a motion for a summary judgment in favor of defendant-appellee, the Pennsylvania Insurance Company. This case arises out of the sinking of a small vessel and a claim against the insurance company. At the time of the sinking, there was in force a hull policy of insurance covering the plaintiff's small vessel or "Jo Boat", the E. J. Stanley, against the risk of certain losses, including stranding and sinking. The insurance policy included the following as regards to "Navigation Limits," to-wit:
"Warranted by the insured confined to the use and navigation of the inland waters of Louisiana including the Lakes, Bays, and Sounds of this State but excluding any open waters of the Gulf of Mexico."
A further provision in the policy provided:
"Any deviation beyond the navigation limits provided herein shall void this policy * * *."
*449 The defendant-appellee contends that the vessel in question was approximately ten miles out in the open Gulf when it sank. To its motion for a summary judgment, the defendant-appellee attached an affidavit of Euwell Paul Vincent, Captain of the E. J. Stanley. Also produced into evidence was a U. S. Coast and Geodetic Chart No. 1116 of the Gulf of Mexico, from the Mississippi River to Galveston. From the affidavit of Vincent and the deposition of Vincent, as well as the illustrations marked on the chart, there is no question but that the vessel was in open waters of the Gulf of Mexico.
The E. J. Stanley entered the Gulf of Mexico through the locks and channel of Fresh Water Bayou, and then proceeded westward to a point some ten miles off the coast of Louisiana. During the work being performed in this area, the weather worsened, and the seas became heavy, causing the skipper of the E. J. Stanley to abandon his vessel and board a self-propelled barge which took the Stanley in tow in an effort to bring her back to the sheltered waters of Fresh Water Bayou. The Stanley sank while in tow approximately ten miles off the coast of Louisiana.
The plaintiff-appellant contends that the motion for summary judgment should not have been granted for the reason that there was a question of material fact, and "any confusion in the language of an insurance contract or amendments thereto are resolved and in favor of the name insured." LSA-C.C.P. Art. 966 provides:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." (Emphasis added).
As we appreciate the argument being made by the plaintiff-appellant, it is his contention that since the vessel, E. J. Stanley, was in tow, it was not in "navigation" as provided in the above quoted portion of the insurance policy. We cannot agree with this contention, inasmuch as the warranty section of the policy provided for "use and navigation" and even though E. J. Stanley was not operating under its own power at the time it sank, it arrived at a point outside the coverage area of the policy under its own power, furthermore, was being used at a point outside the coverage area of the policy, and as such, was fully within the contemplation of the warranty clause.
Plaintiff-appellant further contends that the warranty clause is vague and ambiguous and should be resolved in favor of the insured. After reading the warranty clause, we see no vagueness nor any ambiguity and fully understand its meaning. Very simply, the vessel insured was confined to the use and navigation of the inland waters of Louisiana including the lakes, bays, and sounds of this State, but it excluded coverage in any of the open waters of the Gulf of Mexico.
Therefore, we agree with the Trial Judge in finding that there was no genuine issue as to material fact, and as such, he was proper in granting the motion for a summary judgment. All costs of this appeal are to be paid by plaintiff-appellant.
Judgment affirmed.