378 So.2d 156 (1979)
Charles Ray ALEXANDER, Plaintiff and Appellant,
v.
HUDSON ENGINEERING, INCORPORATED, Defendant and Appellee.
No. 12895.
Court of Appeal of Louisiana, First Circuit.
November 12, 1979.
Rehearing Denied December 27, 1979.
Donald L. Mayeux, Eunice, counsel for plaintiff and appellant.
Frank X. Neuner, Jr., Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, counsel for defendant-appellee.
Before EDWARDS, LEAR and SARTAIN, JJ.
LEAR, Judge.
Plaintiff-appellant appeals a summary judgment rendered by the trial court dismissing his claim under the Jones Act, 46 U.S.C., Section 688, and the General Maritime Law on the basis that plaintiff was not a seaman. We affirm.
According to appellant's deposition and the sworn statement of his former supervisor, appellant was employed as an electrician working on off-shore platforms located in defendant's yard on the bank of Bayou Black. Appellant was injured in the warehouse while lifting a box of equipment. Sometime after the taking of appellant's deposition, appellant filed an affidavit opposing the use of his deposition. The affidavit stated that appellant was hired by defendant as a marine electrician to work off-shore. The affidavit additionally stated that at the time of his injury appellant was preparing his equipment to load onto a barge to which he had been assigned to live and from this barge he would perform repairs and maintenance work on the portable drilling rigs located in the Gulf of Mexico.
*157 Upon examining the depositions and affidavits, the trial court determined that there was no genuine issue of fact as to the question of appellant's status and that the record was devoid of any evidence whatsoever which would demonstrate that appellant is or was a seaman.
The sole issue on appeal is whether there exists a genuine issue of fact concerning appellant's status as a seaman.
Appellant contends that the issue of seaman status involves many factual issues not determinable by summary judgment.
The federal jurisprudence is clear that questions of seaman status may be disposed of by motion for summary judgment. Cox v. Otis Engineering Corporation, 474 F.2d 613 (5th Cir. 1973) and Cook v. Belden Concrete Products, Inc., 472 F.2d 999 (5th Cir. 1973).
However, as stated by the trial court:
"As this proceeding is filed in State Court, the law in determining whether the motion for Summary Judgment should be granted is governed by C.C.P. Articles 966-967. Article 966 states, in part: `The Judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.'"
The term seaman under the Jones Act encompasses one who:
"was assigned permanently to a vessel (including special purpose structures not usually employed as a means of transport by water but designed to float on water) or performed a substantial part of his work on the vessel; and (2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips." Offshore Company v. Robison, 266 F.2d 769 (5th Cir. 1979).
The record reflects that during his employment by defendant, appellant never went off-shore, he merely performed electrical work on the platforms which were located in defendant's yard and subsequently loaded on barges. Although appellant's affidavit indicates that appellant may have been destined to become a seaman at some future date, at the time of his injury he did not meet the requirements of the test enunciated above. Consequently, we agree with the trial court that no genuine issue of fact exists as to appellant's status as a seaman and defendant was entitled to judgment as a matter of law.
Judgment of the trial court is hereby affirmed.
Appellant is cast for all costs of this appeal.
AFFIRMED.