533 So.2d 975 (1988)
Jerry A. LANDRY and His Wife, Elizabeth Hebert Landry
v.
JOHN E. GRAHAM & SONS, INC. and Midland Insurance Company.
No. 87 CA 0372.
Court of Appeal of Louisiana, First Circuit.
September 6, 1988.
Writ Denied November 28, 1988.
*976 Before WATKINS, CARTER and FOIL, JJ.
PER CURIAM.
We granted a rehearing in this case to consider the appropriateness of using a motion for summary judgment to determine the issue of seaman's status under the Jones Act, 46 U.S.C.A.App. 688. In the original hearing, we affirmed the trial court's granting of partial summary judgment, finding the plaintiff to be a seaman. 525 So.2d 76. Upon reflection, we find the granting of summary judgment inappropriate under these circumstances.
LSA-C.C.P. art. 1915 reads as follows:
Partial judgment
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969.
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
LSA-C.C.P. art. 966 A provides in part that:
The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. (Emphasis added)
It is clear from a reading of these articles, as well as the jurisprudence interpreting them, that summary judgment may be granted for less than all of the relief for which the party prays. However, it is essential to the validity of a summary judgment that at least some of the relief prayed for by one of the parties is granted. LSA-C.C.P. arts. 1915, 966. Dryades Sav. and Loan Ass'n v. Lassiter, 400 So.2d 894 (La. 1981). See also Strauss v. Rivers, 501 So.2d 876 (La.App. 5th Cir.1987); Pizzolato v. Field, 441 So.2d 1248 (La.App. 1st Cir. 1983); Beard v. Assumption Parish Police Jury, 413 So.2d 923 (La.App. 1st Cir.1982), writ denied 420 So.2d 444 (La.1982); Smith v. Hanover Insurance Co., 363 So. 2d 719 (La.App. 2d Cir.1978).
Plaintiff's original petition requested monetary damages for injuries caused by the negligence of the defendant, John E. Graham and Sons, Inc., under the Jones Act and by the unseaworthiness of the vessel under the General Maritime Law.
The plaintiff's motion for partial summary judgment requested that there be judgment declaring the plaintiff to be a seaman. It did not ask the court to find the defendant negligent under the Jones Act or to declare the vessel unseaworthy under the General Maritime Law. Consequently, the *977 summary judgment granted by the trial court declared only that the plaintiff was a seaman as a matter of law.[1]
Although the finding of seaman's status under the Jones Act is an essential part of the plaintiff's cause of action, it does not in itself grant any relief for which the plaintiff prayed. Hence, we conclude that the summary judgment neither granted nor denied any of the relief, in whole or in part, claimed by the moving party and was thus unauthorized by our code of civil procedure.
We expressly note that summary judgments have been held appropriate when summary judgment was rendered classifying the employee as a statutory employee of a defendant and dismissing the plaintiff's tort suit against the employer. Sandifer v. Crown Zellerbach Corporation, 470 So.2d 483 (La.App. 1st Cir.1985), writ denied 475 So.2d 357 (La.1985). See also Thelma Notoriano v. Rebecca Anthony, 527 So.2d 1120 (La.App. 1st Cir.1988); Cantrell v. BASF Wyandotte, 506 So.2d 793 (La.App. 1st Cir.1987), writs denied 512 So.2d 1178 and 514 So.2d 120 (La.1987).
However, summary judgment would not be available to a plaintiff-employee to have declared that he was not a statutory employee in a tort suit or was a seaman in a maritime personal injury case since this would result in piecemeal litigation of issues which would neither grant nor deny the relief prayed for.[2]
We therefore vacate our original judgment. The summary judgment in favor of plaintiff is reversed, and the case is remanded to the district court for further proceedings, in accordance with the views expressed herein. All costs to await final disposition of this matter.
JUDGMENT VACATED, AND REMANDED.
NOTES
[1] We note that a defendant's motion for summary judgment on the issue of seaman's status is appropriate and, if granted, would in effect dismiss the plaintiff's cause of action under the Jones Act. See Beard v. Assumption Parish Police Jury, 413 So.2d 923 (La.App. 1st Cir.1982), writ denied, 420 So.2d 444 (La.1982) and Alexander v. Hudson Engineering, Inc., 378 So.2d 156 (La. App. 1st Cir.1979).
[2] We note that under the Federal Rules of Civil Procedure (FRCP), Rule 56, a court may grant a partial summary judgment on the issue of seaman's status, however, the judgment is considered interlocutory and therefore unappealable. FRCP 54(b) and 56(d). Unlike their federal counterpart, LSA-C.C.P. arts. 966 and 968 provide that judgments granting motions for summary judgments are final appealable judgments and interlocutory judgments are not permitted. See LSA-C.C.P. art. 968, comment (b). Although the federal and state rules differ in their approach to permissible issues for summary judgment, the same underlying rationale applies to each, that being, the avoidance of piecemeal litigation and piecemeal appeals. See Comments to FRCP 54 and 56. See also Dryades v. Sav. and Loan Ass'n v. Lassiter, 400 So.2d 894 (La.1981) and Smith v. Hanover Insurance Co., 363 So.2d 719 (La.App. 2nd Cir. 1978).