619 So.2d 1183 (1993)
Cornell STEPTORE
v.
MASCO CONSTRUCTION COMPANY, INC., Ocean Marine Indemnity Company, and Underwriters at Lloyds.
No. 92 CA 0792.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
Rehearing Denied June 28, 1993.
*1184 Philip Bohrer, Gary Koederitz, Baton Rouge, for plaintiff.
J. Clayton Davie, Jr., New Orleans, for Lloyds of London Underwriters.
Michael Kincade, Metairie, for Commercial Union Ins.
Georganne Graugnard, LaPlace, for Masco Const. Co.
Mark Fierro, Robert C. Evans, New Orleans, for Ocean Marine Gulf Coast.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
LOTTINGER, Chief Judge.
This appeal is one of four in this litigation[1], and challenges the trial court's grant of a motion for summary judgment finding that there are insurance policies in effect to cover the defendant for damages sustained by the plaintiff. The policies at issue are primary and excess protection and indemnity (P & I) policies in favor of Masco Construction Company issued, respectively, by Ocean Marine Indemnity Company and Certain Underwriters at Lloyd's, London. These last two parties appeal the finding of coverage, alleging that Masco's breach of the policies' navigation warranty voided coverage.

FACTS
This litigation arose out of an accident, occurring November 20, 1986, aboard a barge being unloaded of its cargo of liquid cement. The barge was being unloaded by means of a suction hose attached to a box-like structure which was then placed in the hold. To keep the cement moving toward the box, or pickup point, a crane with a 3 cubic yard capacity bucket was employed to push the cement along.
The crane was mounted on a barge that was tied alongside the cement barge, such that the extended boom of the crane dropped the bucket directly down into the hold of the cement barge. However, the steel cable tag line, which steadied the bucket by keeping it from spinning, was being dragged back and forth along the top of the coaming to the hold. The line snapped and flew into Mr. Steptore's face. Steptore was knocked off the coaming and fell 9 feet to the cement barge's deck, landing on and breaking both elbows, his right knee, right cheek, and nose, as well as injuring his lower back.
Since his accident, Steptore has received Longshore and Harbor Workers' Compensation Act (LHWCA) benefits, which have paid for his operations and related medical needs, as well as serial wage benefits. *1185 These benefits have been paid by his employer's compensation insurer, Commercial Union Insurance Company (Commercial Union).
On September 8, 1987, Steptore filed suit against the owner of the crane and its barge, Masco Construction Company (Masco), to recover for his personal injuries and loss of earning capacity, among other things. Commercial Union intervened in the suit to recover amounts it had paid on Steptore's behalf in LHWCA benefits.
Masco turned over defense of the suit to its protection and indemnity insurers Ocean Marine Indemnity Company (Ocean Marine) and Certain Underwriters at Lloyd's, London (the Underwriters). Ocean Marine assumed primary responsibility for the defense. During its investigation of the accident, Ocean Marine realized that on the date of the accident the policy restricted coverage, pursuant to a navigation warranty, to the Bayou Steel facility at approximately mile 132 above Head of Passes (AHP) on the Mississippi River. However, the accident occurred at the Burnside anchorage at approximately mile 168 AHP of the river.
When issued on April 22, 1986, the pertinent policy provision originally read as follows, on the third page of the policy entitled "WITH RESPECT TO ALL SECTIONS OF THIS POLICY":
NAVIGATION WARRANTY:
Warranted by the Insured [Masco] confined to Mile 132.4 on the East Bank of the Mississippi River, at the facilities of Bayou Steel, near Laplace, Louisiana.
Later, on October 1, 1986, the provision was amended by Endorsement No. 2 to read as follows:
In consideration of no change in premium, permission is hereby granted for the Steel Crane Barge "DXE-25" to move to a new location, Azalea Fleet at Waggaman, Louisiana.
It is further understood and agreed that the Navigation Warranty is amended to read as follows:
Warranted by the Insured confined to Azalea Fleeting area at Waggaman, Louisiana.
Effective the day of the accident, November 20, 1986, the navigation warranty was again amended, by Endorsement No. 3, to read as follows:
In consideration of no change in premium, permission is hereby granted for the Steel Crane Barge "DXE-25" to move back to Bayou Steel's facilities.
The Navigation Warranty is amended to read as follows:
Warranted by the Insured confined to Mile 132.4 on the East Bank of the Mississippi River, at the facilities of Bayou Steel, near Laplace, Louisiana.
At no time, despite two intervening and unannounced moves to Convent Marine's facilities at Burnside, did the warranty mention that facility or its location.
Approximately 6 months after receiving notice of the suit and conducting its investigation, Ocean Marine denied coverage and a defense on grounds that the policy had been breached. On the morning trial began, January 14, 1992, the trial court denied Ocean Marine's and the Underwriters' Motions for Summary Judgment asserting a lack of coverage, and granted Steptore's and the other parties' Motions for Summary Judgment asserting coverage.

ASSIGNMENTS OF ERROR
In this separate appeal, Ocean Marine, the Underwriters, and Gulf Coast (hereinafter referred to collectively as Ocean Marine) assign as error the following:
1. The trial court erred in granting the motions for summary judgment of Masco, Commercial Union, Martin and Mr. Steptore finding coverage in favor of Masco.
2. The trial court erred in failing to grant the motions for summary judgment filed by Ocean Marine and Gulf Coast.
3. The trial court erred in failing to find that the breach of an express warranty operates as an exclusion.
4. The trial court erred in failing to find that the breach of an express warranty suspends coverage for liabilities incurred *1186 by the insured during the pendency of the breach.
5. The trial court erred in failing to find that the navigation warranty contained in the policy of insurance issued to Masco was clear and unambiguous.
6. The trial court erred in failing to find that the Louisiana anti-technical statute does not apply to the navigation warranty contained in the policy of insurance issued to Masco.
7. The trial court erred in failing to find that Gulf Coast and Ocean Marine are not precluded from denying coverage.
8. The trial court erred in failing to find that Ocean Marine had no duty to defend.
9. The trial court erred in failing to find that Gulf Coast did not breach any duty to procure coverage for Masco.

I
As an initial matter, we decline to address assignments of error No. 8 and 9 because they concern matters not covered in the judgment appealed from. In fact, the judgment appealed from specifically reserved ruling on these issues until a later date, and indeed, these issues form the basis of the appeals in No. 92 CA 1651 and No. 92 CA 1652. Therefore, we pretermit discussion of these assignments of error.

II
In its second assignment of error, Ocean Marine asserts that the trial court erred in failing to grant its own motion for summary judgment. This issue cannot properly be raised on appeal, because the failure to grant a summary judgment is not a final, appealable judgment. La.Code Civ.P. art. 2083(A). Further, the summary judgment appealed from was improperly granted because it did not grant all or part of the relief prayed for in Steptore's petition, Landry v. John E. Graham & Sons, Inc., 533 So.2d 975 (La.App. 1st Cir.), writ denied, 534 So.2d 431 (La.1988), cert. denied, 490 U.S. 1022, 109 S.Ct. 1749, 104 L.Ed.2d 185 (1989), although, we note, the legislature has amended the Code of Civil Procedure to provide for partial summary judgments on the issue of insurance coverage alone. See Acts 1992, No. 71, enacting La.Code Civ.P. art. 966(D), effective August 21, 1992. Such judgments are nonappealable because nonfinal. Id. However, because a full trial has already been held on the issues of liability and quantum, this court will treat Ocean Marine's appeal and render judgment, pursuant to its authority under La.Code Civ.P. art. 2164, to avoid a further waste of time and money even though Ocean Marine should not have pursued this appeal separately from that on liability and quantum in No. 92 CA 1403, or should have pursued its remedy via an application for supervisory writs which might have spared it the expense of a trial and further appeals.

III
As to assignments of error Nos. 1, 3, 4, and 5, we will treat these as one given that each concerns the same question: whether Ocean Marine can deny coverage based upon the breach of the navigation warranty.
We find this case indistinguishable from R & W Boat Rentals, Inc. v. Pennsylvania Insurance Co., 257 So.2d 448 (La. App. 1st Cir.1972), and similar cases citing the rule clearly spelled out in that case, to the effect that breach of a navigation warranty which, like this one, is unambiguous, voids policy coverage. See Employers Insurance of Wausau v. Trotter Towing Corp., 834 F.2d 1206, 1212 (5th Cir.), reh'g. denied, 841 F.2d 633 (5th Cir.1988); Graham v. Milky Way Barge, Inc., 824 F.2d 376, 383 (5th Cir.), reh'g. denied, 832 F.2d 1264 (5th Cir.1987); Lexington Insurance Co. v. Cooke's Seafood, 835 F.2d 1364, 1366 (11th Cir.1988); Port Lynch, Inc. v. New England International Assurety of America, Inc., 754 F.Supp. 816, 823-825 (W.D.Wash.1991); United States Fidelity and Guaranty Company v. Thompson, 1990 A.M.C. 444, 446-447 (Fla.Cir.Ct.1989). No other meaning can fairly be gleaned from the policy provision in question but that Masco's crane/barge was to be at one minutely specified place, which it was admittedly not, for coverage to be effective.
*1187 We find unpersuasive appellees' argument that because the warranty at issue lacks the word "use," it is ambiguous. The operable text of the "Navigation Warranty" does not even contain the word navigation, but that does not render us any less able to discern its meaning. Further, we find appellees' argument that the crane/barge was not in motion at the time of the accident, such that it was not in navigation and could not therefore breach a "navigation" warranty, to be disingenuous and wholly lacking in merit. Even if Mr. Massi, Masco's president, testified in his deposition that he understood navigation to mean "in motion" for purposes of the policy provision, he also stated that he has never even read the policy. Thus, even if an ambiguity existed in the policy it would have been lost upon him. Therefore, we find that there is no coverage under either the primary or excess protection and indemnity policy.

IV
Prompting Ocean Marine's 6th and 7th assignments of error is the appellees' argument that the navigation warranty at issue was a representation made in the course of negotiating the policy, such that Ocean Marine would be precluded from avoiding coverage on grounds that La.R.S. 22:619 prevents insurers from using such representations as exclusions. We need not determine whether the navigation warranty at issue was a representation made in the negotiation of the policy because Part XIV of the Insurance Code, containing La. R.S. 22:619, does not apply to Ocean Marine's policy. Ocean Marine's policy is an ocean marine protection and indemnity policy. See La.R.S. 22:6(13), 22:611(A); Backhus v. Transit Casualty Company, 549 So.2d 283, 289 (La.1989). Therefore, Ocean Marine is not precluded from asserting the navigation warranty as an exclusion to coverage.

V
In the alternative, Steptore urges that Ocean Marine is equitably estopped from denying coverage on grounds that Ocean Marine and Masco shared Mr. Robert C. Evans as an attorney prior to the denial of coverage. In this endeavor, our attention is directed to V/O Exportkhleb v. M/V ANPA, 773 F.Supp. 832 (E.D.La. 1991), aff'd in part, rev'd in part sub nom. Peavey Co. v. M/V ANPA, 971 F.2d 1168 (5th Cir.1992), wherein the court found that an insurer was estopped from denying coverage on the basis of a "late notice" provision in its policy where it had hired its insured's independently and previously hired attorney to act as its own without reservation. In that case, the court found that the insurer had received "formal and satisfactory notice", Id. at 840, such that the policy was not breached, which undoubtedly factored into the court's determination that the insurer could not later attempt to spring the trap of late notice upon its unsuspecting insured when the insurer decided it no longer wished to participate in defense of the claim. However, we fail to see how that case applies here, or helps the appellees' position, in light of Masco's non-marginal breach of its policy, the effect of which has always voided a marine policy.

CONCLUSION
Therefore, for the above and foregoing reasons, the judgment of the trial court is REVERSED and judgment is RENDERED in favor of Ocean Marine Indemnity Company and Roger Keith Larkin, as nominee for Certain Underwriters at Lloyd's, London declaring that there is no insurance coverage for the accident underlying this lawsuit. Costs are assessed against appellees.
REVERSED AND RENDERED.
NOTES
[1] See appeal Nos. 92 CA 1403 on liability and quantum, 92 CA 1651 on penalties and attorney's fees, and 92 CA 1652 on attorney's fees, all rendered this day.