627 So.2d 713 (1993)
Margie Lee Raine, Wife of/and Claude RAINE
v.
The CECO CORPORATION, et al.
No. 93-CA-0483.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1993.
*714 Donna S. Cummings, Cummings, Cummings & Dudenhefer, New Orleans, for plaintiffs/appellants.
Thomas W. Lewis, Boggs, Loehn & Rodrigue, New Orleans, for defendant/appellee.
Before BARRY, ARMSTRONG and JONES, JJ.
BARRY, Judge.
Claude Raine, an employee of Arcadia Rebar, was seriously injured while working at a Tulane Medical Center building site. On April 2, 1990 Mr. Raine was struck twice by a Robertson-CECO Corporation reshore jack hanging by cables and he was knocked off a ladder to the ground on top of CECO equipment.
Mr. and Mrs. Raine sued CECO Corporation and Robertson-CECO [CECO] alleging that CECO failed to secure the reshoring jacks and it approved the attachment of cables directly to the support jacks. The Raines also sued Brice for its alleged failure to oversee its subcontractor. Tulane Medical Center was sued for its failure to properly supervise CECO. Brice and Tulane were dismissed with prejudice. On appeal Mr. and Mrs. Raine argue that there are genuine issues of material fact as to the liability of Robertson-CECO. They appeal a summary judgment granted to Robertson-CECO (formerly CECO Corporation), a subcontractor responsible for installation of support jacks for each floor. Brice Construction Company, Inc. [Brice] was the general contractor and Arcadia Rebar was a subcontractor hired to reinforce the floors.
Appellate courts review summary judgments de novo and use the same criteria as the trial court. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991); Kantack v. Progressive Insurance Company, 618 So.2d 494 (La.App. 4th Cir.1993), writ denied, 620 So.2d 845 (La.1993). Summary judgment is proper if the pleadings, admissions, depositions and supporting affidavits show there is no issue of material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966 B; Barham & Churchill v. Campbell, 503 So.2d 576 (La. App. 4th Cir.1987), writ denied, 503 So.2d 1018 (La.1987).
The burden is on the mover to prove the absence of any genuine issue of material fact. Any doubt shall be resolved against the mover and in favor of a trial on the merits. Koenig v. New Orleans Public Service Inc., 619 So.2d 1127 (La.App. 4th Cir.1993).
Robertson-CECO submitted the deposition of O'Neal Peter Belmonte, Brice's assistant superintendent and field engineer at the site. The focus is on Belmonte's testimony that Brice built the wooden "gang ladder" and positioned it. Belmonte believed that the ladder had been quick-bolted to a *715 column so that it would not fall over. He and Mike Cuccia, Brice's carpentry foreman, an employee of Arcadia, and a plumber positioned the ladder.
Belmonte stated that Brice was responsible for installing a safety cable around the floor to alert people as to the edge of the slab. He did not remember whether safety cables were attached to a jack in the area. He testified that a cable should not be tied to a jack unless the jack was quick-bolted to the slab. CECO's jacks were not bolted to the slab. Belmonte was inside the construction site trailer when Raine fell. Moments after Raine fell, Belmonte saw a CECO jack hanging from the mezzanine level and it was swinging across the ladder. Raine landed on a CECO wrecking tool. The jack was hanging from two cables and it appeared that the cable had been fastened to the jack. Belmonte said that it was the consensus (he did not specify names) that someone pulled on the cable. He stated that Raine could not reach the cable from his position on the ladder. Belmonte said that the jacks were placed according to specifications and CECO personnel were no longer working on the mezzanine floor.
CECO also submitted the affidavit of Richard Dupont, CECO's job superintendent on the project. He stated that on the day before the accident he became aware that Brice employees had attached a safety cable to CECO's jacks. He said the jacks were designed and constructed to provide vertical support, not to support against a lateral force. Dupont advised a Brice assistant superintendent that it was improper to use a jack that way and he agreed to rectify the situation. The accident occurred before the problem was corrected.
Mr. and Mrs. Raine concede that several facts are not in dispute. Raine was injured by a falling CECO reshore jack to which the safety cable had been attached. Mr. and Mrs. Raine point out that Belmonte said the general consensus was that the accident occurred when "somebody had leaned on or pulled on a cable...." Because the accident occurred early in the morning, the temperature may have caused the jack to contract and loosen. Belmonte stated that a clip or bracket is generally placed at the top of a jack to keep steady pressure on the jack. CECO did not use a clip even though Belmonte had observed CECO's use of brackets in a prior project. CECO used plywood brackets to "keep a little tension" on the jack.
Martin Scheve, Brice's superintendent, testified that a reshore jack is never knocked loose unless it is hit by a large piece of equipment. Mike Cuccia, Brice's carpentry foreman, testified that a Brice crew put up the safety cable. Mr. and Mrs. Raine submit that CECO owned the wrecking tool and was responsible for the jacks and questions relating to the proper installation of the jacks are unanswered.
Whether CECO properly placed and secured the jack and whether CECO used a clip or bracket (as it did on another job) on top of the jack which fell remain issues of fact. Raine was struck twice by a CECO jack and fell from a ladder onto CECO equipment. Any doubt as to the cause of the accident should be resolved against CECO, the mover for summary judgment, and in favor of a trial on the merits.
The summary judgment is reversed and the case remanded.
REVERSED; REMANDED.