641 So.2d 673 (1994)
Dale Edward WILLIAMS
v.
TRAPOLIN LAW FIRM, Ivor Trapolin and Miles Trapolin, Individually and in their Capacities as Directors and Officers of the Trapolin Law Firm.
No. 93-CA-0877, No. 93-CA-2062.
Court of Appeal of Louisiana, Fourth Circuit.
July 27, 1994.
Dale Edward Williams, in pro. per.
Clement P. Donelon, Donelon & Majoria, Metairie, for plaintiff/appellant.
William M. Detweiler, New Orleans, for defendants/appellees.
Before BARRY, LOBRANO and ARMSTRONG, JJ.
BARRY, Judge.
Dale Williams appeals a judgment which maintains Ivor Trapolin's exception of no cause of action (# 93-CA-0877) and a summary judgment and amended summary judgment in his breach of contract suit (# 93-CA-2062).
Williams sued Miles and Ivor Trapolin and the Trapolin Law Firm for breach of contract. Williams alleged that between March 18-20, 1992 they entered into a partnership agreement with him. According to Williams, the agreement was not reduced to writing but it was orally agreed: that all income except personal injury, collection and succession cases already begun would be pooled; that Williams would have a draw of $60,000 (including a $10,000 bonus if he averaged at least 35 billable hours a week); that profits *674 would be shared according to a stated formula; that Williams' performance would be reviewed after six months. The firm name would remain the same and Williams' status as a partner would be reviewed after one year. Williams claimed the agreement raised reasonable expectations of employment for at least a year and probably more. By July 13, 1992 Miles Trapolin informed Williams that his continued association with the firm was not possible. Williams alleged that on July 14, 1992 he and Miles Trapolin reached an agreement on the separation, but Miles Trapolin reneged on the agreement. By November, 1992 the Trapolins threatened to sue if Williams did not remit $17,325.03. Williams sought payment for his billings from March 23, 1992 to July 13, 1992, or $42,000, and his projected billings for 1 year, $136,875, minus his $17,000 salary plus 12 months of office expenses, $24,000, a net of $95,375.
The Trapolin Law Firm filed an answer and claimed in reconvention that Williams was its employee from March, 1992 to July, 1992 when his employment was terminated. On August 12, 1992 the firm entered into a contract with Williams to "divide fees and repay costs from various files." The Trapolin Law Firm claimed that Williams owed $17,325.03 and costs associated with its Williams Blvd. office. The firm also claimed that Williams refused to obtain releases from clients at the Williams Blvd. office.
Ivor Trapolin (Miles had not been served) filed an exception of no right or cause of action. Williams filed a first amendment in which he alternatively contended that Miles and Ivor Trapolin, acting on their own behalf, entered into a partnership contract with him to form the new Trapolin Law Firm. The trial court maintained Ivor Trapolin's exception of no cause of action.
Miles Trapolin answered that he and Ivor acted only in the capacity of an officer and director of the Trapolin Law Firm, a PLC. In that capacity he entered into an employment contract with Williams in March, 1992 and terminated that contract on July 13, 1992. He argued that Williams recognized his employee status by completing a number of forms (the same documents attached to the summary judgment motion).
The defendants' motion for summary judgment was granted and it was ordered that the proceedings be dismissed. The defendants filed a motion to amend (which could be considered a motion for new trial) and the subsequent amended judgment declared that they could proceed with their reconventional demand.

No. 93-CA-0877
Williams appeals the judgment which maintains Ivor Trapolin's exception of no cause of action. According to appellees' brief (the record contains no memorandum), the basis for the exception was that the original petition sued Miles and Ivor Trapolin only as directors and officers of the corporation. On February 19, 1993, at the time of the exception hearing, the trial court advised Williams to produce a filed copy of the amended petition as to actions by Ivor and Miles Trapolin on their own behalf which would have made the exception moot. Appellees contend that Williams never presented the amended petition to the trial court.
The first amendment to the petition stating a cause of action against Miles and Ivor Trapolin acting on their own behalf (not as directors of the Trapolin Law Firm) was stamped as filed February 19, 1993. The trial court signed an order allowing the amendment on February 24, 1993. The trial court erred by maintaining the exception and dismissing Ivor Trapolin from the suit.
Even according to appellees' version, Ivor should not have been dismissed from the suit when the grounds of the exception could have been removed by an amendment to the petition. La.C.C.P. art. 934; Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La. 1993).
The judgment which maintains Ivor Trapolin's exception of no cause of action is reversed.

No. 93-CA-2062
Williams appeals: (1) the summary judgment granted to Miles Trapolin and Ivor Trapolin and to the Trapolin Law Firm *675 which ordered that "these proceedings are hereby dismissed", and (2) the amended judgment which allowed the defendants to proceed with their reconventional demand. As to the summary judgment Williams appealed "from that part of the final judgment dismissing Plaintiff's claims against Defendant...."
Although the defendants filed a "motion for summary judgment", in their memorandum they requested a partial summary judgment. They claimed that "there is no genuine issue of material fact ... that he [Williams] was in fact an employee of the defendant, Trapolin Law Firm, a professional law corporation." The defendants requested "a partial final judgment finding the status of the petitioner to be that of an employee...." The defendants attached an affidavit of Ivor Trapolin who declared that he and Miles Trapolin were sole shareholders, officers and directors of the professional law corporation, Trapolin Law Firm. Ivor Trapolin declared that he hired Dale Williams in March, 1992, but did not offer to sell nor did Williams offer to buy stock in the Trapolin Professional Law Corporation. Dale Williams was never voted as a member of the firm or as an officer of the corporation by the Board of Directors. The corporation did not order or obtain stationery, business cards or other documents which evidenced Dale Williams' status as anything other than an employee. According to Ivor Trapolin, Williams was terminated by the Trapolin law firm through its officer and director, Miles Trapolin, on July 13, 1992. At no time during Williams' employment was a new corporation formed to include him as a shareholder nor was a partnership formed between Ivor Trapolin and/or Dale Williams. Miles Trapolin submitted a similar affidavit.
As evidence of Williams' employee status the movers attached the following documents: (1) Williams' W-4 Form dated March 27, 1992; (2) his L-4 Form, Employee's Withholding Exemption Certificate dated March 27, 1992; (3) his undated and signed Form 1-9, Employment Eligibility Verification for the U.S. Department of Justice, Immigration and Naturalization Service; (4) the New Lawyer Information form for legal malpractice insurance with an effective date of April 1, 1992; (5) his August 7, 1992 letter to Miles Trapolin in which he noted his billings and then subtracted his "salary costs of $17,000.00"; and (6) a copy of the Trapolin Law Firm stationary used during the employment of Williams (which listed on the left side Ivor Trapolin, Miles Trapolin, then Dale Williams). The defendants argued that Williams' admissions that he completed the first three forms in response to their request for admission of genuineness of documents confirmed his employee status.
Williams' opposition argued that the tax documents only proved that he wanted to have a portion of his income withheld on a monthly basis for tax purposes. Williams argued that the issues involved the credibility of the parties and a determination based upon subjective facts such as motive and intent. He submitted his affidavit which declared that he had a verbal contract which formed a new partnership in place of and/or was in addition to the existing Trapolin Law Firm. Williams stated that on March 16, 1992 he had a meeting with Miles Trapolin to discuss the formation of a law firm consisting of the Trapolins and himself. Williams claimed he held himself out as a partner from March, 1993 to July, 1993 and purchased expensive office furniture. He also submitted as Exhibits 2 and 3 documents in his handwriting dated March 16, 1992 and March 18, 1992 which include calculations and figures as evidence a common intent to form a law partnership. Exhibit 4 contained a summary of the terms and monetary negotiations. Exhibits 5 and 6 were bills for office furniture.

THE LAW
Appellate courts review summary judgments de novo and use the same criteria as the trial court. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991); Kantack v. Progressive Insurance Company, 618 So.2d 494 (La.App. 4th Cir.1993), writ denied, 620 So.2d 845 (La.1993). Summary judgment is proper if the pleadings, admissions, depositions and supporting affidavits show there is no issue of material fact and the mover is entitled to judgment as a matter of law. *676 La.C.C.P. art. 966 B; Barham & Churchill v. Campbell, 503 So.2d 576 (La.App. 4th Cir. 1987), writ denied, 503 So.2d 1018 (La.1987).
The burden is on the mover to prove the absence of any genuine issue of material fact. Any doubt shall be resolved against the mover and in favor of a trial on the merits. Sassone v. Elder, 626 So.2d 345 (La.1993); Raine v. CECO Corporation, 627 So.2d 713 (La.App. 4th Cir.1993). Affidavits submitted by the mover must be closely scrutinized while those of the opponent are treated indulgently. Urbeso v. Bryan, 583 So.2d 114 (La.App. 4th Cir.1991).
A summary judgment may be partial, but it must grant at least some of the relief prayed for. It may not be used merely to decide an issue. Verdun v. State through the Department of Health and Human Resources, 559 So.2d 877 (La.App. 4th Cir. 1990). A partial summary judgment may not be utilized to dispose of theories of recovery. Succession of Crowe v. Henry, 602 So.2d 243 (La.App. 2d Cir.1992). It is essential to the validity of a summary judgment that at least part of the relief prayed for by one of the parties is granted. A partial summary judgment finding that a plaintiff was a seaman has been reversed as improperly granted. Landry v. John E. Graham & Sons, Inc., 533 So.2d 975 (La.App. 1st Cir.1988) (on rehearing), writ denied, 534 So.2d 431 (La.1988), cert. denied, 490 U.S. 1022, 109 S.Ct. 1749, 104 L.Ed.2d 185 (1989). Partial summary judgments which attack theories of recovery without dismissing a party or granting all or part of the relief sought are improperly granted. See First National Bank of Jefferson Parish v. Lloyd's Underwriters, 629 So.2d 507 (La.App. 5th Cir.1993).
To be considered a partnership, a business relationship must meet the following criteria: the parties must have mutually consented to form a partnership and to participate in profits in determined proportions which may accrue from property, skill or industry furnished to the business; parties must share in losses as well as profits; the property or stock must form a community of goods in which each party has a proprietary interest. Gravois v. New England Insurance Company, 553 So.2d 1034 (La.App. 4th Cir.1989). There are no hard and fast rules in the determination of whether a partnership exists. Each case is considered on its own facts. Consent to form a partnership may be inferred from circumstantial evidence. Harris v. Wallette, 538 So.2d 728 (La.App. 2d Cir.1989).

ANALYSIS
The defendants' memorandum requested a partial summary judgment as to Williams' status as an employee. The defendants claimed that Williams' status was a material fact that would insure or preclude his recovery. Williams sued for damages resulting from a breach of contract and the defendants had reconvened. When the trial court granted summary judgment and dismissed the proceedings (which defendants did not request in their memo), the defendants filed a motion to amend in order to save their reconventional demand. Using a partial summary judgment to obtain a determination that Williams was an employee was improper. See Landry, 533 So.2d at 975; First National Bank of Jefferson Parish, 629 So.2d at 507.
Regardless, the defendants were not entitled to summary judgment. The defendants supported the motion with their affidavits that they did not intend to bring Williams into the Trapolin Law Firm as a partner or to create a new Trapolin Law Firm with him as a partner. They declared that he was hired as an employee and submitted Williams' W-4 form and others.
Williams countered with his affidavit that they intended by verbal contract to be partners. He submitted several handwritten documents to show negotiations which evidenced an intent to form a partnership and invoices to show the purchase of office furniture.
There remain genuine issues of material fact as to whether the parties created or intended to form a partnership and whether there was a breach of a verbal contract. Because the summary judgment was improperly granted and is being reversed, the amended judgment (rendered only to correct the summary judgment) is also reversed.
*677 The summary judgment and amended judgment are reversed and the matter remanded for further proceedings.
REVERSED; REMANDED