| iLOBRANO, Judge.
This appeal arises from the granting of a partial summary judgment in favor of plaintiffs/appellees, Maria Carmen Palazzo, individually and Palazzo and Associates (Palazzo) and against defendant/appellant, Hibernia National Bank (Hibernia) in the amount of $362,599.12.

FACTS AND PROCEDURAL HISTORY:

On July 7, 1992, Palazzo filed suit against Gary D. Baker, her former personal and business manager. Baker had been employed by Palazzo from June 1, 1989 until June 6, 1992.
Palazzo alleges in her petition against Baker that he stole over $400,000.00 by:
“The establishment of a joint bank account in the names of both defendant and Dr. Palazzo, without the knowledge or approval of Dr. Palazzo, into which cheeks drawn to the order of petitioners were deposited and from which checks were written solely for defendant’s use and not for that of petitioners.”
On January 29, 1993, Palazzo filed suit against Hibernia. Palazzo alleged that she incurred damages with respect to account number 81-0532-955 in the names of “Gary D. Baker or Maria Carmen Palazzo,” which account is [¿referred to by the parties as the “secret account”. In addition, she also alleged damages with respect to a number of other personal and business accounts with Hibernia. Recovery was sought on a number of legal issues including breach of fiduciary duty, tort liability, conversion and breach of contract. The judgment which is the subject of this appeal only involves the secret account.
Palazzo’s petition alleges that the secret account was opened by Baker without her knowledge or consent; that Baker used this account to facilitate the deposit of checks payable to Palazzo; that such checks bore unauthorized endorsements; that Baker, using his signature authority over the account, withdrew and personally appropriated approximately $488,000.00; that these transactions began on January 29, 1990, the day the account was opened, and continued approximately 29 months, until June 7, 1992.
Following discovery, including the taking of depositions of employees of Hibernia and the acquisition of internal documents of Hibernia relative to the opening of accounts, Palazzo filed a Motion for Partial Summary Judgment on December 12, 1993. Hearing *12 was set for January 7,1994. At that time, no affidavits were attached to the motion. Only the signature card, excerpts from Hibernia’s operations manual and excerpts from the deposition of assistant branch manager, Jen Cervantes, were attached to the motion.
Hibernia timely responded by filing an opposition memorandum, excerpts from Palaz-zo’s deposition and an affidavit of Vetter O’Neal, an employee of Hibernia, and all monthly statements for the secret account from January 28, 1990 through June 5, 1992.
Both suits were subsequently consolidated. A new hearing date was set for January 28, 1994 before the Honorable Robert Katz.
|3On January 21,1994, Palazzo filed a reply memorandum and affidavit to which were attached copies of specific checks deposited in the secret account without proper endorsement totalling $362,599.12. Hibernia raised no objection to the affidavit and stipulated that the $362,599.12 represented checks payable to Palazzo and deposited without her endorsement. In addition, Palazzo also filed the affidavit of James H. Stone, an “expert” in bank operations. In response, Hibernia filed a Motion to Strike Stone’s affidavit which was denied.
Following the hearing, the trial court took the matter under advisement. On February 2,1994, the court rendered judgment in favor of Palazzo for $362,599.12. In its reasons for judgment, the court stated:
“The court finds that the affidavit of James H. Stone supports a finding that the Hibernia Bank failed to follow its own procedures that permitted Gary Baker to deposit checks of the plaintiffs in this account that he controlled.”
On March 16, 1994, the trial court denied Hibernia’s motion for a new trial.
Hibernia appeals the partial summary judgment of the trial court asserting the following assignments of error:
1) The Trial Court erred in considering the affidavit of Palazzo’s alleged banking expert, James H. Stone, with respect to which defendant had filed a Motion to Strike prior to the hearing date.
2) The Trial Court erred in expressly premising its Reasons for Judgment entirely upon the legal conclusions as to ultimate issues of law contained in the affidavit of James H. Stone.
3) The Trial court erred in granting summary judgment despite assertions in Hibernia’s opposition papers demonstrating it was unable to adequately oppose same by reasons of the fact that neither the affidavit nor deposition of the true culprit and principal witness with respect to Hibernia’s asserted defenses (Gary Baker) was | reasonably available because he was the subject of pending criminal prosecution with respect to the transactions which are subject to this action.
4) The Trial Court erred in apparently basing its judgment on its legal conclusion that Palazzo’s action was anything other than a delictual action.
5) Alternatively, the Trial Court erred in apparently basing its judgment on its legal and factual conclusions that Palazzo had proven just cause for suspension of prescription on their claims.
6) The Trial Court incorrectly applied the standards for rendition of summary judgment.

THE LAW:

Appellate courts review summary judgments de novo and use the same criteria as the trial court. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991); Kantack v. Progressive Insurance Company, 618 So.2d 494 (La.App. 4th Cir.1993), wilt denied, 620 So.2d 845 (La.1993). Summary judgment is proper only if the pleadings, depositions and affidavits show there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La.C.C.Pro. art. 966(B); Thornhill v. Black, Sivalls and Bryson, Inc., 394 So.2d 1189 (La.1981). The burden is on the mover to prove the absence of any genuine issue of material fact. Any doubt shall be resolved against the mover and in favor of a trial on the merits. Raine v. CECO Corporation, 627 So.2d 713 (La.App. 4th Cir.1993). Inferences to be drawn from underlying facts contained in the materials before the Court must be viewed in the light most favorable to *13 the party opposing the motion. Vermilion v. Vaughn, 397 So.2d 490 (La.1981).
To satisfy his or her burden the mover has to clearly show the truth of the facts asserted. That showing must exclude any real doubt as to the |5existence of any genuine issue of material fact. Vermilion, supra. The mover’s pleadings, affidavits and documents must be scrutinized closely while those of the opponent are treated indulgently. Id.; Urbeso v. Bryan, 583 So.2d 114 (La.App. 4th Cir.1991). Supporting and opposing affidavits shall be made on personal knowledge and set forth facts that would be admissible in evidence. La.C.C.Pro. art. 967; Urbeso, supra. Ultimate facts and conclusions of law contained in supporting affidavits cannot be considered in granting summary judgment. Urbeso, supra.
Summary judgment is not to be used as a substitute for a trial on the merits. Brister v. Parish of Jefferson, 393 So.2d 883 (La.App. 4th Cir.1981). Any doubt shall be resolved in favor of a trial on the merits. Urbeso, supra. Only when reasonable minds must inevitably conclude that the mover is entitled to a judgment as a matter of law on the facts is summary judgment warranted. Thornhill, supra; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The Court should not seek to determine whether it is likely that the mover will prevail on the merits, but rather whether there is an issue of material fact. Good v. Fisk, 524 So.2d 203 (La.App. 4th Cir.1988), quoting Oller v. Sharp Electric Inc., 451 So.2d 1235 (La.App. 4th Cir.1984).
A summary judgment may be partial. La. C.C.Pro. art. 1915. However, it may not be used merely to decide an issue or to dispose of theories of recovery. Williams v. Trapolin Law Firm, 93-0877, 93-2062 (La.App. 4 Cir 7/27/94), 641 So.2d 673.
As a general rule, the summary judgment procedure is seldom appropriate in negligence cases where a decision turns on whether or not | edefendant’s conduct constitutes a tort. Pickett v. Jacob Schoen and Son, Inc., 488 So.2d 1257 (La.App. 4th Cir. 1986).
In Williams v. The City of New Orleans, 93-2043 (La.App. 4 Cir 5/17/94), 637 So.2d 1130, writ denied, 94-1587 (La. 10/7/94), 644 So.2d 632 this Court succinctly addressed the issue of partial summary judgment in eases involving theories of tort (negligence) liability as follows:
... It is the opinion of this Court that a determination of tort liability for purposes of granting a partial judgment includes the requirement of a determination of comparative fault, i.e., on any particular claim the question of liability must be completely resolved between the parties for and against whom the partial summary judgment is rendered. This may not be the case where different claims between the parties may be involved such as the case where one party sues on a promissory note and the other reconvenes for damages. In such a case it might be permissible to render a partial summary judgment on the note, but defer the question of damages to a trial on the merits or visa versa as long as the partial judgment disposed of the complete question of liability on either particular claim, (citation omitted). To put it another way, a partial summary judgment may not be granted for purposes of determining a particular element of liability such as notice to one party or the fault of one party where such a determination is not completely dispositive of the question of liability between the parties concerning the claim and where other issues such as comparative fault remain unresolved. At p. 1132.
Applying these principles to the issues before us in this case, we conclude that, because some material issues of fact remain in dispute, it was error for the court to grant summary judgment. The matter must be remanded for trial on the merits.

^ANALYSIS:

Liability:

Palazzo’s petition alleges many facts in support of various claims against Hibernia. Those facts are common to all accounts, including the secret account. The claims, which involve a total of five (5) separate accounts, are primarily founded in negligence (tort). Specifically, Palazzo alleges breach of fiduciary duty, conversion, negligent supervi *14 sion, and negligent representation. Other claims are founded in contract and the commercial laws of Louisiana.
In her motion for summary judgment, Pa-lazzo recites a number of material facts which she asserts are not in dispute. These facts surround the unauthorized opening and subsequent use of the secret account by Baker in direct contravention of the internal policies and procedures of Hibernia.
We agree that many facts pointing to Hibernia’s liability are not in dispute. For example, the deposition testimony of Hibernia’s employees, as well as Hibernia’s operational manual, make clear that Hibernia breached its own internal procedures for the opening of joint accounts. Furthermore, the depositing of unendorsed checks into .that account constituted, at the very least, negligence by Hibernia. We do concur with Hibernia, however, that the trial court erred in relying on the opinion testimony of James Stone.[1] Irrespective of that error, the undisputed facts clearly place some responsibility with Hibernia. However, for the following reasons we find that there are some genuine issues with respect to whether Palazzo was comparatively negligent, whether she is subject to the lapreclusion defense of Louisiana Revised Statute 10:3-406[2] and what is the actual amount of the loss she sustained. Accordingly, we must remand for a trial on the merits.

DAMAGES AND COMPARATIVE NEGLIGENCE:

In determining the amount of damages owed, a plaintiffs own negligence or comparative fault must be determined.
In support of her motion for summary judgment, Palazzo attached her own affidavit and copies of the checks deposited into the secret account without her authorization or endorsement. The checks totalled $362,599.12. In her affidavit, Palazzo states that she did not know of the existence of the secret account and did not authorize any of the deposits made into the account.
Hibernia countered with the affidavit of its employee, Vetter O’Neal. O’Neal stated that more than 1000 items were deposited into the account. She stated she had no knowledge of the “purposes for which any of the items were deposited [or] ... for which any checks drawn against this account were written.” In brief, Hibernia admits that it stipulated that checks payable to plaintiffs totalling at least $362,599.12 were deposited without her true endorsement. It is clear, however, that Hibernia does not agree that this amount represented monies taken by Baker exclusively for his use. What portion of these monies, if any, enured toJgPalazzo’s benefit is a question of fact to be determined at a trial on the merits. The true measure of damages are those funds Baker withdrew exclusively for his benefit without the consent, knowledge or authorization of Palazzo.
Hibernia also disputes Palazzo’s lack of knowledge, as well as when she knew or should have known of the existence of the account and Baker’s illegal activity. Notwithstanding Palazzo’s self serving affidavit to the contrary, portions of her deposition suggest that issues of fact remain with respect to this issue. Hibernia is entitled to a reasonable opportunity at a trial on the mer *15 its to pursue evidence on these issues which are relevant to Palazzo’s comparative fault, if any, and whether La.R.S. 10:3-406 is applicable.
In its opposing memorandum at the trial level, and in brief before this Court, Hibernia extensively argues that Palazzo’s claim may have prescribed. We do not address this issue for two reasons. First, Hibernia did not file an exception of prescription. That defense must be specifically pleaded and cannot be raised by the court on its own. La. C.C.Pro. art. 927. Second, that issue was not addressed nor considered by the trial court.
For the foregoing reasons, the trial court’s judgment is reversed. We vacate the summary judgment and remand for further proceedings. Costs of this appeal are to be shared equally by the parties.
REVERSED AND REMANDED.

. Stone’s conclusion constitutes opinion evidence on the ultimate issue of Hibernia’s negligence. Opinion affidavits are not competent evidence for purposes of summary judgment. Only affidavits based on personal knowledge constitute competent evidence. C.C.Pro. Article 967. Opinions should be subject to cross-examination and credibility evaluations. Roberts v. Louisiana Coca-Cola Bottling Co., 566 So.2d 163 (La.App. 4th Cir.1990), writ denied 571 So.2d 647 (La.1990).

. At the time the instant suit was filed La.R.S. 10:3-406 provided:
Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee’s or payor’s business.
Effective January 1, 1994, the amended version of Sec. 3-406 became applicable. However, it still permits the preclusion defense, although the loss is apportioned according to the extent of fault between the parties.