413 So.2d 923 (1982)
Glynn BEARD
v.
ASSUMPTION PARISH POLICE JURY, et al.
No. 14630.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
Rehearing Denied May 25, 1982.
Gordon Hackman, Boutte, for plaintiff-appellant.
Robert D. Morvant, Thibodaux, for Assumption Parish Police Jury-appellee.
Before COVINGTON, COLE and WATKINS, JJ.
WATKINS, Judge.
This is a suit combining two causes of action, not in the alternative, brought by Glynn Beard against the Assumption Parish Police Jury and its workmen's compensation, liability and uninsured motorist insurer, United States Fidelity and Guaranty Company (USF&G). Beard in his suit sought to hold defendants liable for workmen's compensation and for damages in tort. Upon motion for summary judgment filed by defendants, the trial court dismissed with prejudice plaintiff's cause of action for damages in tort. The trial court also sustained exceptions of no cause and/or right of action and improper cumulation of actions filed by defendants. The trial court was incorrect in its sustaining of the exceptions. However, we hold the trial court acted properly in granting the motion for summary judgment.
Glynn Beard's petition alleges that plaintiff Beard, while employed by the Assumption Parish Police Jury, was thrown from a motor vehicle driven by another employee of the Police Jury through the negligence *924 of the driver, and as a result sustained injury. In an amended petition, petitioner suggests that the driver of the vehicle from which Beard was thrown was an uninsured motorist, causing the Policy Jury and its uninsured motorist insurer, USF&G, to be liable in tort. Plaintiff also seeks total and permanent disability in workmen's compensation.
Under LSA-R.S. 23:1032, workmen's compensation is an exclusive remedy of an employee, precluding tort liability of the worker's employer or fellow employees for acts of fellow employees. Furthermore, this tort immunity of the employer and hence of the employer's liability insurer cannot be circumvented by contending that the co-employee driver of vehicles in which the injured plaintiff was a passenger was an uninsured motorist within the contemplation of LSA-R.S. 22:1406 D. See Gray v. Margot, Inc., 408 So.2d 436 (La.App. 1st Cir. 1981), which held a fellow employee driving a motor vehicle is not insured as an uninsured motorist under the injured employee's uninsured motorist policy for the reason that the employee himself is free from liability because of the Workmen's Compensation Act. Hence, the uninsured motorist insurer of the injured employee is not liable. Similarly, there can be no liability of the Assumption Parish Police Jury, the employer, or of USF&G, its liability and uninsured motorist insurer, because the employee who drove the vehicle is not liable, plaintiff's exclusive remedy lying in workmen's compensation.
Thus, it is clear Beard has no claim for damages in tort. However, defendants do not at the present time place at issue Beard's pursuing his claim in workmen's compensation.
The issue is thus presented of whether or not a partial summary judgment may be granted under the facts of the present case.
LSA-C.C.P. art. 1915 reads as follows:
Partial Judgment
"A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or interveners;
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969;
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969; or
(4) Renders judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case."
LSA-C.C.P. art. 966 reads as follows:
Motion for summary judgment; procedure
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
It is apparent from a reading of these two articles, as well as a series of cases in which partial summary judgment in favor of plaintiff was set aside because the summary judgment failed to grant "all or part *925 of the relief for which he has prayed" [see most recently Dryades Savings and Loan Association v. Lassiter, 400 So.2d 894 (La. 1981)], that art. 1915 is not a blanket grant of the right of the courts to grant partial summary judgment, but, rather, that summary judgment may be granted only in those cases in which partial summary judgment is permitted by art. 966.
However, the present case is one of the cases in which partial summary judgment is permitted. First, we note that this state has a policy in favor of partial summary judgment, enunciated in LSA-C.C.P. art. 1915 and by this court in City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir. 1979), in a concursus proceeding in which summary judgment was sought by one of several claimant-defendants, that it is desirable to reduce the number of issues to be tried by the granting of partial summary judgment.
More importantly, LSA-C.C.P. art. 966 states that a defendant may seek a summary judgment granting part of the relief for which he has prayed. The relief prayed for obviously does not refer to the relief prayed for by reconventional demand, as that is taken care of by the phrase "or any incidental action" but rather means any relief sought by defendant as defendant, more often, dismissal of plaintiff's suit in whole or in part with prejudice. Here, part of plaintiff's suit, the cause of action in tort, was dismissed by summary judgment with prejudice. That relief was prayed for by defendants. Hence, partial summary judgment was properly granted. It is only when an issue is decided by partial summary judgment that does not grant part of the relief prayed for but rather something less (e.g. determination that uninsured motorist coverage existed without determining fault or rendering judgment as to ultimate liability as in Smith v. Hanover Insurance Company, 363 So.2d 719 (La.App. 2d Cir. 1978)) that partial summary judgment is improper. In the present case partial summary judgment was correctly granted.
Hence, the judgment of the trial court is affirmed insofar as it granted summary judgment dismissing plaintiff's tort claim, all costs to be borne by plaintiff.
AFFIRMED.