I2THOMAS W. TANNER, Judge Pro Tern.
This is an appeal from a judgment of the Sixteenth Judicial District Court granting summary judgment in favor of the defendant, Robicheaux Air Boats, Inc. (hereinafter “Ro-bicheaux”) dismissing plaintiffs’ claims for absolute liability on an ultrahazardous activity basis and for loss of consortium, as to Robicheaux.
During August of 1991, Shell Western E & P, Inc. (hereinafter “Shell”)[3] was conducting *808 seismograpMe exploration work in Black Bayou near Sulphur, Louisiana. Shell obtained laborers, including Russell Coleman, for the work being conducted from Shot Point Service, Inc., plaintiffs employer. Shell obtained air boats and air boat drivers for the operation from Robicheaux. Plaintiff was a member of a crew that was responsible for laying and removing geophones and lines at designated survey sites across the marshland. Mr. Coleman’s crew worked off of an air boat owned by Robicheaux and driven by a Robicheaux employee, but which had been leased to Shell. On August 17, 1991, Mr. Coleman lost his footing and fell while standing in the air boat, and claims he injured his neck and back.
In their petition for damages, plaintiffs, Russell and Lola Coleman, allege the following theories of liability as to defendants, Shell and Robicheaux, in pertinent part:
6.
At all times pertinent hereto, the Subject Accident and Resulting Injuries to RUSSELL COLEMAN were caused by the negligence and/or fault of ROBI-CHEAUX and/or SHELL, individually and/or by its and/or their agents, servants, or employees, individually and/or concurrently, thus rendering ROBICHEAUX and/or SHELL, independently and/or vicariously liable, individually and/or concurrently.
7.
At all times pertinent hereto, the Subject Accident and Resulting Injuries to RUSSELL COLEMAN were caused by the unseaworthiness, dangerous and unsafe condition of the Vessel, including, but not limited to, the deck, its lines, crew and captain.
8.
Alternatively, at all times pertinent hereto, the Subject Accident and Resulting Injuries to RUSSELL COLEMAN were caused by the defective manufacture, design, marketing, and assembling of the Vessel, including, but |3not limited to, its deck which is an appurtenance of or part of its gear.
9.
Moreover, the Subject Accident and Resulting Injuries to RUSSELL COLEMAN were caused by the failure of ROBI-CHEAUX and/or SHELL, and/or its and/or their agents, servants, or employees, to warn of the dangerous conditions which existed as a result of the manufacture, design, marketing, and assembly of the Vessel, including, but not limited to, its deck which is an appurtenances [sic] of or part of its gear.
10.
Alternatively, at all times pertinent hereto, the Vessel was under the care, custody, and control of ROBICHEAUX and/or SHELL, and/or its and/or their agents, servants, or employees, was defective because it presented an unreasonable risk of harm to RUSSELL COLEMAN, thus rendering ROBICHEAUX and/or SHELL, independently and/or vicariously liable, and/or strictly liable, individually and concurrently.
11.
Alternatively, at all times pertinent hereto, the acts of ROBICHEAUX and/or SHELL, and/or its and/or their agents, servants, or employees, which caused the Subject Accident and Resulting Injuries to RUSSELL COLEMAN were ultrahazar-dous, thus rendering ROBICHEAUX and/or SHELL vicariously liable, and absolutely liable, individually and concurrently-
Further, plaintiffs’ petition sought damages which included a claim for loss of affection, consortium, companionship, society, solace and services, on behalf of Lola Coleman, Russell Coleman’s'*wife. Robicheaux responded by asserting a general denial, contributory negligence, failure to mitigate damages, alternatively, exclusivity of worker’s compensation remedy, third party fault, limitation and liability to the vessel, and prayed for dismissal of plaintiffs’ suit.
Robicheaux filed motions for partial summary judgment seeking the dismissal of Lola *809 Coleman’s claims for loss of affection, consortium, companionship, society, solace and services, as well as seeking the dismissal of plaintiffs’ “absolute liability claim”.
From the lower court judgment granting Robieheaux’s motions for summary judgment, plaintiffs appeal asserting the following errors:
A. The Tidal Court improperly granted a partial summary judgment.
B. The Trial Court improperly granted a partial summary judgment dismissing Mr. Coleman’s claim for damages based upon absolute liability.
UC. The Trial Court improperly granted a partial summary judgment dismissing Mrs. Coleman’s claim for consortium.
Appellant argues initially that a partial summary judgment is improper because it does not dismiss the entire suit against the defendant, Robieheaux, but instead, dismisses only an element or theory of liability of the case. Essentially the same argument was raised in an earlier appeal from another partial summary judgment dismissing plaintiffs’ Jones Act claims against Robicheaux in Coleman v. Robicheaux Air Boats, Inc., 94 CA 1268 (La.App. 1st Cir.1995) 657 So.2d 1331 (hereinafter “Coleman I”). In Coleman I, we stated:
We likewise find no merit in appellants’ remaining argument that summary judgment was improperly granted since it did not grant all or part of the relief for which the mover has prayed contrary to La. C.C.P. art. 966. The articles of the Code of Civil Procedure pertinent to this discussion are La.C.C.P. 966 and La.C.C.P. art. 1915 which provide, in pertinent part:
Art. 966. Motion for summary judgment; procedure
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed,_ [Emphasis added.]
Art. 1915. Partial judgment
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
[[Image here]]
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969....
Although in Landry v. John E. Graham & Sons, Inc., 533 So.2d 975 (La.App. 1st Cir.), writ denied, 534 So.2d 431 (La.1988), cert. denied, 490 U.S. 1022, 109 S.Ct. 1749, 104 L.Ed.2d 185 (1989), the opposite scenario was presented, i.e., summary judgment was granted by the trial court finding seaman status, and reversed by this court on appeal. In a footnote to that decision this court stated:
We note that a defendant’s motion for summary judgment on the issue of seaman’s status is appropriate and, if granted, would in effect dismiss the plaintiffs cause of action under the Jones Act. See Beard v. Assumption Parish Police Jury, 413 So.2d 923 (La.App. 1st Cir.1982), unit denied, 420 So.2d 444 (La.1982) and Alexander v. Hudson Engineering, Inc., 378 So.2d 156 (La.App. 1st Cir.1979).
In its motion for summary judgment, Robi-eheaux moved the court “to enter a partial summary judgment in its favor, dismissing plaintiffs’ Jones Act claims against Robi-eheaux on the grounds that Russell Coleman was not | sRobicheaux’s employee.... ” We find the trial court properly granted the relief requested by Robieheaux.
In addition to the filing of the motion for partial summary judgment which formed the basis for the appeal in Coleman I, Robi-eheaux filed two additional motions for partial summary judgment which we now consider. In the first motion, Robieheaux averred, “[T]here is no genuine issue as to any material fact insofar as the Plaintiffs’ absolute liability claim is concerned, and Movers are entitled to Summary Judgment as a matter of law denying Plaintiffs’ claim of absolute liability.” In its subsequent motion, Robi-eheaux stated, “Defendants ... move this Honorable Court to enter ... partial summary judgment in their favor dismissing the claim of plaintiff, Lola Coleman, for loss of affection, consortium, companionship, society, *810 solace and household services on the ground that there is no genuine issue as to any material facts_” Although we acknowledged in Coleman I the availability of partial summary judgments in some instances, that remedy is not without limit.
Several cases have developed within this circuit which serve to delineate the extent of the availability of partial summary judgments to dismiss a portion of a plaintiffs demands. In Pizzolato v. Field, 441 So.2d 1248 (La.App. 1st Cir.1983), the plaintiffs brought suit against the defendants seeking a reduction of the purchase price paid and damages, in the sale of an automobile dealership from defendant to plaintiff. Plaintiffs alleged violations of the Federal Securities Exchange Act, the Louisiana Blue Sky Law, and breach of contract. Defendants moved for partial summary judgment on the federal and state securities law claims, which was granted by the trial court. In reversing the partial summary judgment, this court stated:
The motion for summary judgment filed by the defendants was lacking in procedural efficacy for the reason that it did not place at issue the relief prayed for by plaintiffs or defendants, but rather simply placed at issue two of plaintiffs’ theories of the case.
Under LSA-C.C.P. art. 966 a defendant may seek a summary judgment granting all or part of the relief for which he has prayed. Here, defendants prayed for a dismissal of plaintiffs’ suit. A similar prayer by defendant was involved in our affirming the granting of Ra partial summary judgment in Beard v. Assumption Parish Police Jury, 413 So.2d 923 (La. App. 1st Cir.1982), in which plaintiff asserted two separate causes of action involving different forms of relief, one in workmen’s compensation and the other in tort. Here, plaintiffs assert three distinct theories of the case, involving (1) the Federal Securities Law, (2) Louisiana’s Blue Sky Law, and (3) breach of warranty, but as well as we can determine from reading plaintiffs’ initial and two amended petitions, plaintiffs seek but one basic form of relief. Thus, the summary judgment granted by the trial court does not affect the relief prayed for by either plaintiffs or defendants, but, rather, merely strikes down two of plaintiffs’ theories of the case. A summary judgment cannot merely strike down a theory of the case; it must consider the ultimate relief prayed for. See Smith v. Hanover Insurance Co., 363 So.2d 719 (La.App. 2d Cir.1978), to which the Louisiana Supreme Court applied its stamp of approval in Dryades Savings and Loan Association v. Lassiter, 400 So.2d 894 (La.1981). As both Smith and Dryades correctly state, the granting of a summary judgment determining a matter other than the relief sought would result in piecemeal litigation and piecemeal appeal, to the detriment of the ultimate cause of justice.
As pointed out in Pizzolato, the Beard trial court granted partial summary judgment in favor of the defendant dismissing plaintiffs cause of action for damages in tort where plaintiff had filed suit seeking relief in worker’s compensation and in tort. Beard v. Assumption Parish Police Jury, 413 So.2d 923 (La.App. 1st Cir.), writ denied, 420 So.2d 444 (La.1982). In affirming this partial summary judgment, this court stated:
More importantly, LSA-C.C.P. art. 966 states that a defendant may seek a summary judgment granting part of the relief for which he has prayed. The relief prayed for obviously does not refer to the relief prayed for by reconventional demand, as that is taken care of by the phrase “or any incidental action” but rather means any relief sought by defendant as defendant, more often, dismissal of plaintiffs suit in whole or in part with prejudice. Here, part of plaintiffs suit, the cause of action in tort, was dismissed by summary judgment with prejudice. That relief was prayed for by defendants. Hence, partial summary judgment was properly granted. It is only when an issue is decided by partial summary judgment that does not grant part of the relief prayed for but rather something less (e.g. determination that uninsured motorist coverage existed without determining fault or rendering judgment as to ultimate liability as in Smith v. Hanover Insurance Company, 363 So.2d 719 (La.App. 2d Cir.1978)) that partial summary judgment is improper. In the present case partial summary judgment was correctly granted.
*811 Further, in City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir.1979), this court emphasized that partial summary judgments which “lessen the matters to be decided at trial” are favored.
17Thus, a partial summary judgment may be granted in favor of a defendant dismissing a part of a plaintiffs ease where: (1) it reduces the issues to be decided at trial; (2) it grants some part of the relief prayed for by the defendant; and (3) where plaintiff has asserted two or more separate causes of action involving different forms of relief. In the instant case, plaintiffs filed suit seeking employment related relief under the Federal Jones Act as to Robicheaux, which was properly dismissed on motion for summary judgment[4], as well as other tort related relief under various theories, such as, Federal General Maritime law, products liability, and absolute liability for ultrahazardous activities. As an element of these tort damages, Mrs. Coleman seeks compensation for loss of consortium. Because the absolute liability for ultrahazardous activity argument constitutes only one of plaintiffs’ theories of his case in tort, partial summary judgment dismissing this theory was inappropriate. Similarly, although loss of consortium is not an element of damages which can be recovered under Federal General Maritime law[5], it is an element of damages which could be awarded under one of plaintiffs’ state law claims. Therefore, it was error to grant partial summary judgment dismissing this element of plaintiffs’ damage claim.
For the reasons stated herein we reverse the judgment of the trial court granting summary judgment in favor of Robicheaux Air Boats, Inc., and remand to the trial court for further proceedings. All costs of this appeal are assessed to appellees, Robicheaux Air Boats, Inc.
REVERSED AND REMANDED.

. Shell was improperly named in the petition as Shell Western Exploration and Production, Inc.

. Coleman v. Robicheaux Air Boats, Inc., 94 CA 1268 (La.App. 1st Cir.1995) 657 So.2d 1331.

. Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990); Dixon v. Cliffs Drilling Company, 633 So.2d 277 (La.App. 1st Cir. 1993); Collins v. Texaco, Inc., 607 So.2d 760 (La.App. 1st Cir.1992).