# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

* * * * * * *

### 2021 CA 0820

### CYPRESS HEIGHTS ACADEMY

### VERSUS

### CHA INVESTORS, LLC

JUDGMENT RENDERED: JUN 07 2022

* * * * * * *

Appealed from
The Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number C646664 • Section 21

The Honorable Ronald Johnson, Presiding Judge

* * * * * * *

| | |
|---|---|
| Danielle L. Borel<br>Jeanne C. Comeaux<br>Jude C. Bursavich<br>Van R. Mayhall, III<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLANT<br>PLAINTIFF—Cypress Heights<br>Academy, Inc. |
| Michael A. Patterson<br>Seth F. Lawrence<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLEES<br>DEFENDANTS—CHA Investors,<br>LLC; Michael J. Castine, III, M.D.;<br>Gregory M. Hoffpauir, M.D.;<br>Richard T. Hedley; and Timothy<br>Barfield |
| Brett P. Furr<br>Katia D. Bowman<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLEES<br>DEFENDANTS—LASBC, Inc. and<br>Richard Brown |
| Douglas J. Cochran<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLEE<br>DEFENDANT—Gerard J. Broussard,<br>Sr., M.D. |
| Charles G. Justice, III<br>New Orleans, Louisiana<br>    *and*<br>Michael G. Gaffney<br>Christopher M. Gaffney<br>Metairie, Louisiana | COUNSEL FOR APPELLEE<br>DEFENDANT—Mildred Randon<br>Harris, in her capacity as the<br>Independent Executrix of the<br>Succession of Brian Harris |

* * * * * * *

**BEFORE: WHIPPLE, C.J.; MCDONALD, MCCLENDON, WELCH, AND THERIOT, JJ.**

**WELCH, J.**

In this dispute over whether a sale/lease-back transaction constituted a relative simulation, the plaintiff appeals from a judgment denying its motion for partial summary judgment and granting the motions for partial summary judgment filed by the defendants. For the following reasons, we reverse in part and affirm in part.

## FACTS AND PROCEDURAL HISTORY

This case arises from a dispute over a sale/lease-back transaction with an option to purchase immovable property. In May 2002, the plaintiff, Cypress Heights Academy, Inc.[1] ("Cypress Heights"), acquired property—located on Barringer Foreman Road in Baton Rouge—for approximately $550,000.00 with the intent to build a school. Unable to obtain financing to secure a loan to construct the school, six supporters of Cypress Heights formed CHA Investors, LLC ("CHA") to assist in obtaining financing.[2]

On March 5, 2004, Cypress Heights sold the property to CHA for $450,719.93. Prior to the cash sale, and to assist with the financing process, Cypress Heights entered into a ten-year fixed-term lease agreement with CHA on December 15, 2003, for the lease of the property with an option to purchase for the remaining amount owed on the mortgage. The lender, BancorpSouth Bank, agreed to loan the money to CHA in exchange for obtaining the individual CHA members' personal guarantees. Cypress Heights also executed an unlimited commercial guarantee for the repayment of the total amount of the loan. CHA secured a loan of $1.52 million, paid off the existing mortgage of $450,719.93, and the remaining funds were used to construct a campus for the school.

---

[1] Cypress Heights is a non-profit Louisiana corporation with the sole purpose of owning and operating a private religious school in Baton Rouge.

[2] The CHA members are Dr. Michael J. Castine, III; Dr. Gregory M. Hoffpauir; Richard T. Hedley; Timothy Barfield; Dr. Gerard J. Broussard, Sr.; and the late Brian Harris.

Sometime in May 2008, Cypress Heights informed CHA in writing that it was exercising its option to purchase the property. Cypress Heights, however, was unable to obtain financing, and no sale occurred.

On December 21, 2012, prior to the expiration of the lease, Cypress Heights and CHA entered into an amended lease removing the option to purchase.[3] Then on December 28, 2012, CHA donated the property to LASBC, Inc.[4]

On March 14, 2016, Cypress Heights filed suit for declaratory judgment and other relief. Named as defendants in the lawsuit were CHA, and by supplemental and amended petitions, LASBC and its president, Richard E. Brown; the Succession of Brian Harris, through its duly authorized executrix, Mildred Randon Harris (the "Succession");[5] Gerard J. Broussard, Sr., M.D.;[6] Michael J. Castine III, M.D.; Gregory M. Hoffpauir, M.D.; Richard T. Hedley; and Timothy Barfield.[7] Cypress Heights' prayers for relief included requests for a judgment declaring the first lease amendment invalid; a judgment declaring that the option to purchase remained viable; and a judgment for return of the property. Cypress Heights also sought judgment declaring that the sale of the property to CHA was a simulation or

---

[3] In a prior appeal, Cypress Heights alleged that the lease was amended in secrecy without the knowledge of its board. However, the record on appeal shows that the amended lease was signed by the president of Cypress Heights and its board chairman, Brian Harris; witnessed by a Cypress Heights board member, attorney David Lukinovich; and witnessed by Theresa Pendleton, daughter of a Cypress Heights board member.

[4] CHA alleges it donated the property to LASBC (a 501(c)(3) charitable organization) because CHA had been advised by the East Baton Rouge Parish Assessor that since CHA was not a 501(c)(3) charitable organization, it was not eligible for a waiver of property taxes, and that if the property was not owned by a 501(c)(3) organization, it would be assessed property taxes, including back taxes.

[5] In January 2017, the Succession was voluntarily dismissed with prejudice. In July 2017, however, Cypress Heights reasserted claims against the Succession.

[6] Mr. Harris is a Cypress Heights board member, who formerly served as board chairman. CHA member Dr. Broussard now serves as a Cypress Heights board member.

[7] As members of CHA, Dr. Castine, Dr. Hoffpauir, Mr. Hedley, and Mr. Barfield are collectively referred to herein as the "CHA defendants" or "CHA members."

financing arrangement.[8]  The defendants filed answers generally denying the allegations in the petitions.[9]

Thereafter, the defendants filed motions for partial summary judgment on the viability of the option to purchase, seeking declaratory judgment that the option was extinguished and judgment denying and dismissing Cypress Heights' claim to reacquire the property.[10]  Cypress Heights opposed the defendants' motions, arguing that the option was valid and could be re-exercised, and further, that the entire agreement was a simulation.

After a hearing on the motions, the trial court ruled in favor of the defendants, declared that the option to purchase was extinguished, and denied and dismissed the claim asserted by Cypress Heights to reacquire the property.  The trial court signed a judgment in accordance with its ruling on November 13, 2018.  Cypress Heights moved for reconsideration, a rehearing, or a new trial, which the trial court denied.

Cypress Heights appealed the November 13, 2018 judgment, arguing that the trial court erred in declaring the option to purchase extinguished and in dismissing its claims to reacquire the property.  Cypress Heights further argued that the trial court dismissed its claims, including its simulation claim, when the

---

[8] Cypress Heights first raised the simulation claim in its third supplemental and amending petition.

[9] The Succession answered, asserted affirmative defenses, raised cross-claims against CHA and LASBC, and filed a reconventional demand against Cypress Heights.  CHA answered and raised affirmative defenses; CHA also answered the cross-claim raised by the Succession (as well as the reconventional demand, to the extent necessary).  LASBC answered, asserted affirmative defenses, and raised a reconventional demand against Cypress Heights; LASBC also answered the cross-claim raised by the Succession (no response was necessary to the reconventional demand).  LASBC's president, Mr. Brown, answered.  Mr. Broussard answered and raised affirmative defenses.  The CHA defendants answered and asserted affirmative defenses.

Cypress Heights answered the reconventional demands raised by LASBC and the Succession.

[10] CHA moved for partial summary judgment, seeking a declaratory judgment extinguishing the option to purchase and denying and dismissing the claim raised by Cypress Heights asserting a right to reacquire the property.  The Succession moved for partial summary judgment, asking that the option to purchase be declared invalid, or extinguished, and that the claim asserted by Cypress Heights asserting a right to reacquire the property, pursuant to the option, be denied and dismissed.  Mr. Broussard, LASBC, and Mr. Brown also moved for partial summary judgment, adopting the motions and supporting documentation filed by CHA and the Succession.

motions for partial summary judgment before the trial court were limited to a review of the viability of the option and did not address the simulation claim. This Court affirmed the trial court's November 13, 2018 judgment, holding:

> The pertinent facts are as follows. The original lease between Cypress Heights and CHA, which was executed in 2004 and expired in 2013, included an option to purchase the subject property. The lease agreement provided as follows: "tenant shall have the right to purchase the premises for the amount that is owed on the books of the landlord on the premises."
>
> In the matter before us, the 2008 letter from Cypress Heights' Board of Directors clearly establishes the fact that the option to purchase the property was exercised prior to the removal of the provision and prior to the expiration of the original lease. Consequently, a contract was formed by the consent of the parties established through offer and acceptance. Cypress Heights exercised its option to purchase the subject property, thereby giving rise to a contract to sell. We find no error in the trial court's ruling regarding the extinguishment of the option to purchase the property.

**Cypress Heights Acad., Inc. v. CHA Invs., LLC**, 2019-1105 (La. App. 1st Cir. 7/1/20), 2020 WL 3566605, at *3 (unpublished) (citations and footnotes omitted).

Subsequently, the parties filed cross-motions for partial summary judgment regarding whether the sale of the property was a simulation. Cypress Heights moved for partial summary judgment, seeking declaratory judgment that the March 5, 2004 sale of the property from Cypress Heights to CHA was a relative simulation and a finding that the transaction, including the lease with the option, was nothing more than a disguised financing arrangement and security instrument. The defendants opposed Cypress Heights' motion.[11]

CHA and the CHA defendants also filed a motion for partial summary judgment and sought a dismissal, with prejudice, of Cypress Heights' claim that the sale was a simulation. LASBC and Mr. Brown, the Succession, and Mr.

---

[11] CHA and the CHA defendants opposed Cypress Heights' motion for partial summary judgment. LASBC and Mr. Brown, the Succession, and Mr. Broussard adopted the opposition to Cypress Heights' motion for partial summary judgment filed by CHA and the CHA defendants.

Broussard also moved for partial summary judgment, adopting the motion and supporting documentation filed by CHA and the CHA defendants. Cypress Heights opposed the defendants' motions.

Following a hearing, the trial court denied Cypress Heights' motion for partial summary judgment. The trial court granted the motions for partial summary judgment filed by the defendants, finding that a valid sale/lease-back transaction occurred and that the transaction was not a relative simulation. The trial court signed a judgment in accordance with its ruling on October 30, 2020. Cypress Heights now appeals.[12]

## STANDARD OF REVIEW

The granting of a motion for summary judgment is a final, appealable judgment. See La. C.C.P. art. 1915(A)(3). The denial of a motion for summary judgment is an interlocutory judgment and is appealable only when expressly provided by law. **Pelle v. Munos**, 2019-0549 (La. App. 1st Cir. 2/19/20), 296 So.3d 14, 18 n.2. However, where there are cross motions for summary judgment raising the same issues, this court can review the denial of a cross motion for summary judgment in addressing the appeal of the granting of the motion for summary judgment. **Pelle**, 296 So.3d at 18 n.2.

A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. **M/V Resources LLC v. Louisiana Hardwood Products LLC**, 2016-0758 (La. App. 1st Cir. 7/26/17), 225 So.3d 1104, 1109, writ denied, 2017-1748 (La. 12/5/17), 231 So.3d 624. A motion for summary judgment is properly granted if, after an opportunity for adequate

---

[12] Cypress Heights filed a motion for a devolutive appeal of the trial court's October 30, 2020 judgment on January 8, 2021. The trial court signed an order of appeal on January 25, 2021, notice of which was transmitted by the Clerk of Court that same day.

Cypress Heights designated the record on appeal. While an appellant may designate the record pursuant to La. C.C.P. art. 2128, any inadequacy of the record is imputed to the appellant, here, Cypress Heights. See **Rover Grp., Inc. v. Clark**, 2018-1576 (La. App. 1st Cir. 12/12/19), 291 So.3d 699, 707, writ denied, 2020-00101 (La. 3/9/20), 294 So.3d 481.

discovery, the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3); see **M/V Resources LLC**, 225 So.3d at 1109.

A summary judgment may grant less than all of the relief prayed for by the respective parties; however, a motion for partial summary judgment may not be used merely to decide an issue or strike down a theory of the case, without granting or denying any part of the relief claimed by any party. See La. C.C.P. art. 966(A)(1); La. C.C.P. art. 1915(A)(3); see also **State v. Exxon Corp.**, 95-2370 (La. App. 1st Cir. 6/28/96), 676 So.2d 788, 789; **Coleman v. Robicheaux Air Boats, Inc.**, 94-2139 (La. App. 1st Cir. 6/23/95), 658 So.2d 807, 810. The trial court may grant a motion for partial summary judgment in favor of a defendant dismissing a part of a plaintiff's case where: (1) it reduces the issues to be decided at trial; (2) it grants some part of the relief prayed for by the defendant; and (3) where plaintiff has asserted two or more separate causes of action involving different forms of relief. **Coleman**, 658 So.2d at 811. The judgment at issue here meets the above criteria: it reduced the issues that would otherwise be decided at trial by resolving the simulation issue; it granted some of the relief prayed for by the defendants; and Cypress Heights has asserted two or more separate causes of action involving different forms of relief, including declaratory judgment and a judgment for a return of property.

A party may seek declaratory judgment through the summary judgment procedure. See **Burgess v. City of Baton Rouge**, 2005-2565 (La. App. 1st Cir. 12/28/06), 951 So.2d 1128, 1131. Furthermore, whether a sale of immovable property is a simulation is a dispute that can be properly resolved within the framework of a motion for summary judgment. See, *e.g.*, **Ackel v. Ackel**, 2005-2230 (La. App. 1st Cir. 6/20/07), 2007 WL 1765561, at *5-6 (unpublished);

7

**Sonnier v. Conner**, 43,811 (La. App. 2nd Cir. 12/3/08), 998 So.2d 344, 350-51, writ denied, 2009-0309 (La. 4/3/09), 6 So.3d 773. In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **M/V Resources LLC**, 225 So.3d at 1109.

## LAW AND DISCUSSION

Cypress Heights argues that the trial court erred in failing to find that the sale/lease-back transaction was a relative simulation. Cypress Heights' motion for partial summary judgment sought a declaration that the March 5, 2004 transaction was a relative simulation disguising a financing arrangement and security instrument. Louisiana Civil Code article 2025 sets forth that "[a] contract is a simulation when, by mutual agreement, it does not express the true intent of the parties." An absolute simulation is a contract intended to have no effects between the parties. La. C.C. art. 2026. A relative simulation occurs "when the parties intend that their contract shall produce effects between them though different from those recited in their contract. A relative simulation produces between the parties the effects they intended if all requirements for those effects have been met." La. C.C. art. 2027.

The party alleging that the purported sale was a simulation bears the burden of proving with reasonable certainty that the sale was simulated. **Pine Prairie Energy Ctr., LLC v. Soileau**, 2014-5 (La. App. 3rd Cir. 6/11/14), 141 So.3d 367, 372, writ denied, 2014-1697 (La. 11/7/14), 152 So. 3d 177. "In all cases, testimonial or other evidence may be admitted to prove the existence or a presumption of a simulation or to rebut such a presumption." La. C.C. art. 1849; **Scott v. Sneed**, 50,954 (La. App. 2nd Cir. 12/14/16), 210 So.3d 872, 875; see also La. C.C. art. 1848, Revision Comments--1984, Comment (c).

Here, the defendants moved for partial summary judgment, seeking a

declaration that the March 5, 2004 transaction was a valid sale/lease-back commercial transaction as set forth by La. R.S. 9:3371:

> Sale/lease-back commercial transactions involving immovable or movable property with a fair market value in excess of twenty-five thousand dollars and located within this state are hereby declared to be valid and enforceable. Such transaction shall produce and result in the legal consequences described in the written sale/lease-back agreement between the parties and shall not be presumed to be a simulation.[13]

In support of their respective motions, the parties jointly stipulated to the following documents: the March 5, 2004 cash sale; the December 15, 2003 lease with option; the December 21, 2012 amended lease; excerpts of the property appraisal report; and the December 28, 2012 act of donation.

In further support of its motion, Cypress Heights submitted excerpts of the deposition of David Lukinovich, a member of the Cypress Heights board of directors; excerpts of the deposition of CHA member, Richard Hedley; excerpts of the deposition of CHA member, Tim Barfield (and attached exhibit, commercial guaranty by Cypress Heights); excerpts of the deposition of CHA member, Dr. Gregory Hoffpauir; excerpts of the deposition of CHA member, Dr. Michael Castine, III; and excerpts of the deposition of LASBC president, Richard E. Brown.

In further support of their motion, the defendants submitted the affidavit of CHA member, Richard Hedley; the HUD settlement statement; the commercial guaranty by CHA; the commercial guaranty by Cypress Heights; personal guarantees of the six CHA members; a 2008 letter from Cypress Heights to CHA, exercising its option to purchase; a minute entry dated October 19, 2018, regarding

---

[13] The purpose of La. R.S. 9:3371 was to remove the presumption set forth in La. C.C. art 2480—that a thing sold remaining in the possession of the seller is a presumed simulation—from commercial sale/lease-back transactions involving property valued in excess of $25,000.00. See **Recording of Meeting of May 7, 2001**, *Committee on Civil Law and Procedure*, House of Representatives, Louisiana Legislature, *House Bill No. 1024 by Representative Gil Pinac*, at https://house.louisiana.gov/H_Video/VideoArchivePlayer?v=house/2001/may/0507_01_CL_P2, beginning at 55:00 (subsequently enacted as 2001 La. Acts 866, §1 (eff. Aug. 15, 2001)).

the trial court's ruling on CHA's motion for partial summary judgment on the viability of the option; and the prior opinion of this Court affirming the trial court's November 13, 2018 judgment.

It is undisputed that Cypress Heights sold the property to CHA for the stated amount of $450,719.93, and title ownership transferred to CHA. It is further undisputed that Cypress Heights leased the property back from CHA. Under the terms of the original lease, Cypress Heights had the option to purchase the property prior to the expiration of the lease for the remaining amount owed on the mortgage. As held by this Court in its prior opinion, Cypress Heights did not exercise its option, and the option was extinguished. **Cypress Heights Academy, Inc.**, 2020 WL 3566605, at *3. Thus, pursuant to La. R.S. 9:3371, the March 5, 2004 transaction was a valid sale/lease-back and shall not be presumed to be a simulation. While there is no legal presumption that the March 5, 2004 sale/lease-back transaction was a simulation, we cannot rule out the fact that the transaction and lease with option *may* have been a simulation. As the party alleging the transaction was a simulation, Cypress Heights bears the burden of proving with reasonable certainty that the transaction was simulated. See **Pine Prairie Energy Ctr., LLC**, 141 So.3d at 372.

Cypress Heights argues that at all times, CHA was merely a financing conduit and "holder" of the mortgaged property until Cypress Heights could qualify for financing on its own. To achieve this, Cypress Heights alleges that it transferred title of the property to CHA in a fictional transfer, couched as a cash sale, with the cited consideration of the remaining amount on the original mortgage, $450,719.93. Cypress Heights submitted evidence that even after the transaction, and as the "lessee," it provided an unlimited commercial guarantee for the repayment of the $1.52 million loan to BancorpSouth. Through the deposition testimony of CHA member Dr. Gregory Hoffpauir, Cypress Heights established

that Cypress Heights' lease payments were actually mortgage payments, and Cypress Heights was paying down the loan.

Cypress Heights further argues that CHA never intended to remove ownership of the property from the school, but merely entered into the sale/lease-back transaction as a method of obtaining financing at the behest of BancorpSouth. The managing member of CHA, Richard Hedley, testified that CHA was formed "really by the suggestion of the bank in order to make a loan so we could build a school." Mr. Hedley further testified that it did not matter whether the lease contained the option because CHA "wanted the school to have the property ... [i]t's been my position throughout this."

CHA member Tim Barfield testified that "the intent as I understand it" was that the school would ultimately end up with the property. Mr. Barfield further stated:

> [W]e all intended the school to get the property within a few years when it got to financial stability. None of this -- I didn't even contemplate getting into any tax breaks at this time. **It was just a structure to hold the property, get the financing** ... and allow everything to be done[,] and as this was kind of proposed[,] we were going to be out of this thing in two or three years."

(Emphasis added).

CHA member Dr. Gregory Hoffpauir testified that Cypress Heights was leasing the property with "every intention of getting the property back," which was also his intention in becoming a member of CHA.

CHA member Dr. Michael Castine, III, testified as follows.:

> Q. What did you understand CHA Investors was formed for?
>
> A. My understanding was that the school had been in several temporary locations. It had begun as a home school ... that was expanding to a more permanent location. They had acquired a piece of property and ... the property itself has a certain amount of equity in it, but they wanted to build and have a permanent structure[,] and the bank felt as if the equity that was in the property

was not enough to loan them the money to build that structure. They needed a certain amount of money to add to the equity of the land and that money came in the form of guarantees that each of us as individuals would provide so that a permanent structure could be built.

***

Q. ... Was it also your understanding that the school was going to lease the property from CHA Investors after the building had been built?

A. Yes. The idea behind the lease was that, and this was all from memory, initially the bank provided them an interest only payments on the loan and ... the lease was essentially a wash through, that the school was essentially paying the loan and ... the lease was there for I guess legal purposes because it was two separate entities and ... the money had to go through to the bank.

Q. Sure.

A. That was the way it was set up.

Q. Let me make sure I understand. When you say it was essentially a wash through, the school was basically paying the mortgage payments as the lease payments?

A. Correct.

***

Q. Did you, when you became a member of CHA Investors, ever expect to personally own the property and benefit from it?

A. Not really, no. I mean I knew as "owner" on paper but it was really the school's property to do what the school wanted. We were never going to restrict the school from building something or -- it was more a technicality than anything.

Dr. Castine further testified that CHA, "as a group of good faith guarantors ... would be turning the land back over to the school at some point in the future when the school was financially stable and could stand on their own essentially."

Summary judgment is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge, or good faith. **Chevis v. Rivera**, 2021-0124 (La. App. 1ˢᵗ Cir. 9/24/21), 329 So.3d 831, 838, <u>writ denied</u>, 2021-01546 (La. 12/21/21), 330 So.3d 317. The court may, however, grant summary judgment based on an intent issue when there is no genuine issue of

12

material fact concerning the pertinent intent. **Georgia-Pac. Consumer Operations, LLC v. City of Baton Rouge**, 2017-1553, 2017-1554 (La. App. 1st Cir. 7/18/18), 255 So.3d 16, 24, writ denied, 2018-1397 (La. 12/3/18), 257 So.3d 194; **Carter v. BRMAP**, 591 So.2d 1184, 1189 (La. App. 1st Cir. 1991). Nevertheless, the law is well settled that the trial court cannot make credibility determinations, evaluate testimony, or weigh conflicting evidence in making its decision whether to grant or deny a motion for summary judgment. **Pumphrey v. Harris**, 2012-0405 (La. App. 1st Cir. 11/2/12), 111 So.3d 86, 91.

Having completed a *de novo* review of the record before us, we find that genuine issues of material fact exist to preclude summary judgment on the issue of whether the March 5, 2004 sale/lease-back transaction was a relative simulation. The defendants' evidence indicates a valid and legally enforceable transaction of sale/lease-back with option occurred. In contrast, Cypress Heights' evidence indicates that the parties intended the March 5, 2004 sale/lease-back to be a relative simulation. Given the existence and legality of the sale/lease-back transaction, the manner in which that transaction occurred, and the motivation behind the transaction, it is apparent here that credibility calls and the weighing of evidence are essential for the resolution of this issue. Therefore, summary judgment is not appropriate. See **Pumphrey**, 111 So.3d at 91.

For these reasons, we find that the trial court properly denied Cypress Heights' motion for partial summary judgment and improperly granted summary judgment in favor of the defendants.

### DECREE

We reverse the portion of trial court's October 30, 2020 judgment that granted the motions for partial summary judgment filed by the defendants—CHA Investors, LLC; Michael J. Castine, III, M.D.; Gregory M. Hoffpauir, M.D; Richard T. Hedley; Timothy Barfield; LASBC, Inc.; Richard Brown; Gerard J.

Broussard, Sr., M.D.; and Mildred Randon Harris, in her capacity as the independent executrix of the Succession of Brian Harris. We affirm the portion of the trial court's October 30, 2020 judgment that denied the motion for partial summary judgment filed by the plaintiff, Cypress Heights Academy, Inc. All costs of this appeal are assessed equally among the parties (one-half to defendants and one-half to plaintiff).

**REVERSED IN PART; AFFIRMED IN PART.**

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2021 CA 0820

# CYPRESS HEIGHTS ACADEMY, INC.

## VERSUS

## CHA INVESTORS, LLC

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., dissents.**

I respectfully disagree with the majority. Louisiana Revised Statutes 9:3371 unambiguously mandates that a sale/lease-back transaction "shall produce and result in the legal consequences described in the written sale/lease-back agreement between the parties." The statute further states that the transaction "shall not be presumed to be a simulation." In order to give effect to the mandatory language that the transaction produce and result in the legal consequences described in the written agreement, the subsequent language regarding a simulation must be read to preclude any classification of the transaction as a simulation. Accordingly, I would affirm the trial court's judgment in its entirety.